IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| AMANDA DENISE BARRON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CHARLESTON COUNTY SCHOOL ) | C.A. No.: 2:05-cv-2463-PMD-RSC |
| DISTRICT, JAMES E. WINBUSH, ) | |
| MARION BROWN, MICHAEL THOMAS, ) | **ORDER** |
| PAMELA JUBAR, MAJOR BERNARD, ) | |
| JOCELYN WHALEY, and DEMETRIUS ) | |
| JENKINS, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

In this employment discrimination action, Plaintiff Amanda Denise Barron ("Barron"), acting *pro se*, alleged sexual harassment, sex discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The record includes a Report and Recommendation ("R&R") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B). The Magistrate recommends that Defendants' Motion to Dismiss should be granted and that Entry of Default should be deemed moot. A party may object, in writing, to a report and recommendation within ten days after being served with a copy of that report. 28 U.S.C. § 636 (b)(1). Barron filed a timely objection to the R&R.

## BACKGROUND

In this action, Barron, a female African-American teacher at Baptist Hill High School, filed claims against her employer, the Charleston County School District, six of her co-workers, and a student for violating Title VII of the Civil Rights Act of 1964.

1

At some time prior to 2001, Barron rebuffed the romantic advances of Elder Joiner, an important leader of the New Life Temple Ministries Church. Barron alleges that Elder Joiner was able to influence other employees at Baptist Hill High School to carry out a scheme of harassment against Barron. The alleged harassment culminated in the removal of Barron as Chairperson of Graduation ceremonies at Baptist Hill.

In the R&R, the Magistrate describes in some detail the instances of alleged harassment, discrimination, and retaliation, as described by Barron. The court finds that the Magistrate fairly and thoroughly summarized the relevant facts and procedural history of this case. The court therefore incorporates all the facts as described in the Magistrate's R&R.

## ANALYSIS

### A. Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final decision remains with the court. *See Mathews v. Weber*, 423 U.S. 261, 269 (1976). The court reviews *de novo* those portions of the R&R to which a specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636 (b)(1)(c). As to those portions of the Report for which no such specific written objections are made, the court "need not conduct a *de novo* review, but must instead only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). After a review of the entire record, the R&R, and Barron's objections, the court finds that the Magistrate Judge accurately summarized the pertinent facts and applicable law, and correctly

recommended granting the motion to dismiss.

**B. 12(b)(6) – Failure to State a Claim**

A Rule 12(b)(6) motion should be granted only if, after accepting all well-pled allegations in the complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). The complaint should not be dismissed unless it is certain that the plaintiff is not entitled to relief under any legal theory that might plausibly be suggested by the facts alleged. *Mylan Labs. Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Further, "[u]nder the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the court to infer that all the required elements of the cause of action are present." *Wolman v. Tose*, 467 F.2d 29, 33 n. 5 (4th Cir. 1972). However, a court is not limited to the four corners of the complaint. A court may consider any document that is explicitly relied upon in the complaint. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997); *Gasner v. County of Dinwiddie*, 162 F.R.D 280 (E.D.Va 1995). All reasonable inferences must be made in favor of the nonmoving party. *See Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

**C. Pro Se Complainant**

Barron filed a pro se complaint, which the court must, "no matter how inartfully pleaded" construct liberally and hold to a lower standard than pleadings drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints can only be dismissed for failure to state a claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hughes v. Rowe*, 449 U.S. 5, 10 (1980) (*per curiam*). The court, however, is not expected to become an advocate for the plaintiff. *Gordon v. Leeke*, 574 F.2d 1147

(4th Cir.), *cert. denied*, *Leeke v. Gordon,* 439 U.S. 970 (1978). The court can neither conjure up facts nor neglect the absence of facts necessary to support a claim for relief. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).

## **OBJECTIONS**

After thorough consideration of the facts in evidence, the Magistrate recommended granting the defendants' motion to dismiss and deeming moot Defendant Jenkin's default judgment. Construing her objections liberally, the court finds that Barron objects to the entire R&R and to the Magistrate's failure to credit her assertions that Defendants lied.[1] The court addresses these objections together, since neither objection specifically identifies an error in the Magistrate's proposed findings:

Rule 72(b) of the Federal Rules of Civil Procedure requires parties to file "specific, written objections to the proposed findings and recommendations" within ten days of being served with the Magistrate's R&R. Any written objection to a Magistrate's R&R must *specifically* identify the objectionable portions of the report. 28 U.S.C. § 636 (b)(1). Courts have held *de novo* review of the record may be dispensed with "when a party makes general and conclusory objections that do not direct the court to a specific error in the Magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44 (4th Cir. 1982); *Keeler v. Pea*, 782 F.Supp. 42 (D.S.C. 1992)

---

[1] A third objection may exist in Barron's statement, "[a]gain in a prior correspondence by me to the Court of Clerk, I said that I responded to the Motion to Dismiss in a timely manner, but did not stipulate in the document that my response to amend my complaint was my response to the motion to dismiss." (Obj. at 2.) Constructed liberally, Barron objects to the Magistrate's failure to state that her motion to amend was actually her response to Defendant's motion to dismiss. However, after Barron informed the Magistrate that her motion to amend was in fact her response to the motion to dismiss, the Magistrate incorporated this response into the record on February 22, 2006. The Magistrate described Barron's response to the motion to dismiss as "additional responses to the statements made by various individual Defendants in their 2004 Affidavits." (R&R at 14.)

4

(holding that general or conclusory objections may constitute a forfeiture of a *de novo* review of the Magistrate's R&R). Based on the principal of judicial economy, "[a] district court should not have to guess what arguments an objecting party depends on when reviewing a [Magistrate Judge's] report." *Lockert v. Faulkner*, 843 F.2d 1015 (7th Cir. 1988). The purpose of the Federal Magistrates Act was to shift some of the courts' workload from the district court to the Magistrate court. *See* H.R.Rep. No. 1609, 94th Cong., 2nd Sess. 4-8 reprinted in 1976 statutory code Cong. & Ad. News 6162, 6164-68. This purpose would be frustrated if a litigant were allowed to make general objections to the Magistrate's R&R, thereby forcing the district court to perform a *de novo* review of the entire case. *Keeler*, 782 F.Supp. at 44.

Barron filed her objections in a timely fashion, but the objections do not direct the court to a specific error in the Magistrate's Report. (Obj. 2.) Barron states, "I have proved [the Defendants'] lies to be untrue with substantial evidence and this was not mentioned in the Magistrates (sic) report and recommendation to dismiss." (Obj. at 2.) Construing this objection liberally, Barron merely objects to the Magistrate's refusal to credit her unsupported assertion that the Defendants lied in their affidavits to the South Carolina Human Affairs Commission. Barron does not identify any particular statement as a lie, and provides no basis for how the Defendants' alleged lies pertain to the Magistrate's conclusion that Barron failed to state a claim for which she could recover. Additionally, Barron objects by stating, "[t]he summation of the entire report is lies." (Obj. at 2.) This objection also does not direct the court to any particular portion of the record and is therefore clearly lacking the specificity required by § 636(b)(1). *Orpiano*, 687 F.2d at 47 (stating that de novo review is not required where objections are general or conclusory).

The court notes that the Magistrate properly included an attachment to the R&R alerting

5

Barron as to how to object to the report and the consequences of failing to specifically identify an error. (R&R at 22-23.) Despite these warnings, Barron made general objections and failed to identified any specific error in the proposed findings and recommendations of the Magistrate. Accordingly, the court adopts the Magistrate's R&R in its entirety.

## CONCLUSION

It is therefore,

**ORDERED,** for the foregoing reasons that the Defendants' Motion to Dismiss is **GRANTED** and the **Entry of Default is rendered moot.**

AND IT IS SO ORDERED.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**July 26, 2006.**